Rene Enrique Castellon CESPEDES; Juan Marcelo Castellon–Garcia; Anazulema Castellon–Garcia; Teresa Elizabeth Garcia–Ayala, Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–71510.

Agency Nos. A74–352–812, A74–352–811, A75–477–333, A75–477–332.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 12, 2004.*

Decided Jan. 16, 2004.

Rene Enrique Castellon Cespedes, pro se, Juan Marcelo Castellon–Garcia, pro se, Ana Zulema Castellon–Garcia, pro se, Teresa Elizabeth Garcia–Ayala, pro se, Los Angeles, CA, for Petitioners.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michael J. Dougherty, Jeffrey J. Bernstein, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before BEEZER, HALL, and SILVERMAN, Circuit Judges.

## MEMORANDUM[**]

Rene Enrique Castellon Cespedes, his wife Teresa Elizabeth Garcia–Ayala, and the couple's children, Juan Marcelo Castellon Garcia and Anazulema Castellon Garcia ("Petitioners"), natives and citizen of Bolivia, petition pro se for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming an immigration judge's ("IJ") decision denying their application for cancellation of removal. We dismiss in part and deny in part.

This court lacks jurisdiction to review the IJ's discretionary determination that Petitioners did not qualify for cancellation of removal because they failed to demonstrate "exceptional and extremely unusual hardship." *See* 8 U.S.C. § 1252(a)(2)(B)(i); *see Romero–Torres v. Ashcroft,* 327 F.3d 887, 890–91 (9th Cir.2003).

Contrary to Petitioners' contention, the BIA's failure to articulate reasons for its decision does not violate due process. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–51 (9th Cir.2003).

Petitioners' contention that the Illegal Immigration Reform and Immigrant Responsibility Act and the Nicaraguan Adjustment and Central American Relief Act violate equal protection is foreclosed by *Hernandez–Mezquita v. Ashcroft,* 293 F.3d 1161, 1164–65 (9th Cir.2002), which held that in order to demonstrate an equal protection violation, a petitioner must show that a classification is wholly irrational.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

