Jacques Garabet MAKSOUDIAN,
Petitioner,

v.

John ASHCROFT, Attorney
General,* Respondent.

No. 02-73528.
Agency No. A94-211-943.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 9, 2004.

Decided March 17, 2004.

Before TROTT, RAWLINSON, and
BEA, Circuit Judges.

MEMORANDUM **

Petitioner Jacques Garabet Maksoudian petitions for review of the Board of Immigration Appeals' ("BIA") summary decision affirming the Immigration Judge's ("IJ") denial of his application for cancellation of removal under 8 U.S.C. § 1229b(b) (2003).

According to Maksoudian, the IJ denied him of his due process rights by failing to *sua sponte* appoint an interpreter to assist Maksoudian's father during his testimony. Maksoudian asserts that his father's testimony about his medical condition was crucial evidence explaining the hardship Maksoudian's parents would face should Maksoudian be removed.

Assuming, without deciding, that the IJ had an obligation to *sua sponte* provide an interpreter for a witness who did not speak English well, Maksoudian was not denied the opportunity to present evidence about his father's medical condition. Maksoudian addressed the issue of his father's medical condition on direct examination, and could have expanded upon that testimony on redirect examination. In the alternative, Maksoudian could have assembled documentary evidence during the generous period allotted to prepare for his hearing. Because he was provided with a full opportunity to present evidence of his father's medical condition, no violation of Maksoudian's due process right to present evidence occurred. *See Acewicz v. INS*, 984 F.2d 1056, 1061 (9th Cir.1993) (finding no due process violation where petitioners were given the opportunity to present evidence).

Moreover, even if the IJ erred by failing to provide for an interpreter for Maksoudian's father, we cannot say on this record that "translation would have made a difference in the outcome of the hearing." *Kotasz v. INS*, 31 F.3d 847, 850 n. 2 (9th Cir.1994) (citation omitted). Maksoudian did not establish prejudice because he failed to make an offer of proof of what testimony his father would have given, had the IJ appointed an interpreter. *See Cheo v. INS*, 162 F.3d 1227, 1230 (9th Cir.1998).

We lack jurisdiction to review the IJ's discretionary determination that Maksoudian failed to establish exceptional or extremely unusual hardship to his lawful permanent resident parents. *See Romero-Torres v. Ashcroft*, 327 F.3d 887, 888 (9th Cir.2003). Because we lack jurisdiction to address this issue, we need not, and do

---

* The Court *sua sponte* changes the caption to reflect the proper Respondent.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

not, address Maksoudian's other arguments.

PETITION DENIED IN PART AND DISMISSED IN PART.