**Celia NEGRETE–ROJAS, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–73843.**

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2004.*

Decided March 26, 2004.

James G. Roche, Law Offices of James G. Roche, Santa Ana, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of The District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of The District Coun-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

sel, Department of Homeland Security, San Francisco, CA, Michael P. Lindemann, Esq., Lyle Jentzer, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, LEAVY, and WARDLAW, Circuit Judges.

### MEMORANDUM **

Celia Negrete–Rojas, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming an Immigration Judge's denial of her application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo legal determinations regarding an alien's eligibility for cancellation of removal, *Montero–Martinez v. Ashcroft*, 277 F.3d 1137, 1145 (9th Cir.2002), but we lack jurisdiction to consider discretionary hardship determinations, *Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003). We dismiss in part and deny in part the petition for review.

Negrete–Rojas contends that her removal would cause "exceptional and extremely unusual hardship" to her fourteen-year old United States citizen daughter and her permanent resident mother. We lack jurisdiction, however, to consider discretionary hardship determinations. *See Romero–Torres*, 327 F.3d at 892.

To the degree that Negrete–Rojas contends that the IJ's interpretation of the hardship standard violates due process, we conclude that the IJ's determination falls within the broad range authorized by the statute. *See Ramirez–Perez v. Ashcroft*, 336 F.3d 1001, 1006 (9th Cir.2003).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Negrete–Rojas' contention that the BIA's streamlined decision was conclusory and failed to offer a reasoned explanation is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850 (9th Cir.2003).

The Clerk is directed to stay the mandate pending the resolution of *Desta v. Ashcroft*, No. 03–70477 and further order of this Court.

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**