**Jorge Arturo GONZALEZ–GONZALEZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–73431.**

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2004.*

Decided March 26, 2004.

Mariela Caravetta, Law Offices of Mariela Caravetta, Van Nuys, CA, for Petitioner.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of The District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of The District Counsel, Department of Homeland Security, San Francisco, CA, Robert D. Kamenshine, Esq., Michael Jay Singer, Esq., United States Department of Justice, William Campbell Erb, Jr., Attorney, Mark C. Walters, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, LEAVY, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Jorge Gonzalez–Gonzalez, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming an Immigration Judge's ("IJ") denial of his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo legal determinations regarding an alien's eligibility for cancellation of removal, *Montero–Martinez v. Ashcroft*, 277 F.3d 1137, 1145 (9th Cir. 2002), but we lack jurisdiction to consider discretionary hardship determinations, *Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003). We dismiss in part and deny in part the petition for review.

Although Gonzalez–Gonzalez contends that the IJ improperly denied his application for cancellation of removal based upon his failure to establish ten years continuous physical presence and good moral character, the IJ also denied his application based upon a finding that Gonzalez–Gonzalez failed to show that his removal would cause "exceptional and extremely

unusual hardship" to his seven-year old United States citizen daughter. We lack jurisdiction over discretionary hardship determinations such as whether an alien has satisfied the "exceptional and extremely unusual hardship" requirement. *See Romero–Torres*, 327 F.3d at 892. Therefore, we need not consider whether Gonzalez–Gonzalez satisfied the other criteria necessary for cancellation of removal. *See id.* at 889.

Gonzalez–Gonzalez also contends that the IJ was biased. Although the record reflects that the IJ questioned Gonzalez–Gonzalez and actively managed the hearing testimony, it does not reflect that the IJ prevented Gonzalez–Gonzalez from supplying testimony in his own behalf or that Gonzalez–Gonzalez was prejudiced by the lack of a full and fair hearing. *Cf. Colmenar v. INS*, 210 F.3d 967, 971–72 (9th Cir.2000).

Gonzalez–Gonzalez's contention that the BIA's streamlined decision violates due process because it is required to provide an explanation for its determinations is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850 (9th Cir.2003). We lack jurisdiction to review whether the BIA improperly streamlined this appeal. *See id.* at 852–56.

The Clerk is directed to stay the mandate pending the resolution of *Desta v. Ashcroft*, No. 03–70477 and further order of this Court.

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.