**Lazaro Sotelo BELTRAN; Maria De Los Angeles Silva Hernandez, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72808.

Agency Nos. A75–692–971, A75–692–972.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2004.*

Decided March 26, 2004.

Lazaro Sotelo Beltran, Orange, CA, for Petitioners.

Maria De Los Angeles Silva Hernandez, Orange, CA, pro se.

Patricia L. Buchanan, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before B. FLETCHER, LEAVY, and WARDLAW, Circuit Judges.

MEMORANDUM **

Lazaro Sotelo Beltran and his wife, Maria De Los Angeles Silva Hernandez, natives and citizens of Mexico, petition for review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") denial of their applications for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. Although we lack jurisdiction to consider discretionary hardship determinations, *Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003), we retain jurisdiction to consider whether the interpretation of the hardship standard violates due process, *Ramirez–Perez v. Ashcroft*, 336 F.3d 1001, 1006 (9th Cir.2003). We dismiss in part and deny in part the petition for review.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We lack jurisdiction to review the IJ's discretionary hardship determination. *See Romero–Torres,* 327 F.3d at 892. Therefore, we need not consider petitioners' contention regarding good moral character. *See id.* at 890.

To the extent that petitioners contend that the BIA's interpretation of the hardship standard violates due process, we conclude that the BIA's determination falls within the broad range authorized by the statute. *See Ramirez–Perez,* 336 F.3d at 1006.

Petitioners' contention that the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 is unconstitutional because it holds some petitioners to a higher standard than others who fall under the purview of the Nicaraguan Adjustment and Central American Relief Act is foreclosed by our decision in *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 602–03 (9th Cir. 2002) ("Congress's decision to afford more favorable treatment to certain aliens 'stems from a rational diplomatic decision to encourage such aliens to remain the United States' ").

Finally, petitioners' contention that the BIA's streamlined decision was conclusory and failed to offer a reasoned explanation is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850 (9th Cir.2003).

The Clerk is directed to stay the mandate pending the resolution of *Desta v. Ashcroft,* No. 03–70477, 365 F.3d 741 and further order of this Court.

PETITION FOR REVIEW DISMISSED in part and DENIED in part.