**Jose RODRIGUEZ–SANDOVAL,
Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

No. 03–70144.

United States Court of Appeals,
Ninth Circuit.

Submitted May 10, 2004.*

Decided May 17, 2004.

---

Jose Rodriguez–Sandoval, Los Angeles, CA, pro se.

Regional Counsel, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wernery, Esq., Douglas E. Ginsburg, U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY, KOZINSKI, and PAEZ, Circuit Judges.

MEMORANDUM **

We lack jurisdiction over this petition for review because Rodriguez–Sandoval challenges only the Board of Immigration Appeals' discretionary determination that he failed to establish that his children, if removed to Mexico, would suffer exceptional and extremely unusual hardship. 8 U.S.C. § 1252(a)(B); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003) (Court of Appeals lacks jurisdiction to review the BIA's discretionary determination that an alien failed to satisfy the extreme and unusual hardship requirement for cancellation of removal).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), Rodriguez–Sandoval's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was granted, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**PETITION FOR REVIEW DIS-MISSED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.