**Tomas Fuentes CORTEZ, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74215.

Agency No. A76–357–632.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 21, 2004.

R.App. P. 34(a)(2).

Audra R. Behne, Esq., Law Offices of Audra R. Behne, Reseda, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Julia K. Doig, Negin Nazemi Dehn, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before LEAVY, THOMAS, and FISHER, Circuit Judges.

MEMORANDUM**

Tomas Fuentes Cortez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA")

** This disposition is not appropriate for publication and may not be cited to or by the

summary affirmance of an immigration judge's ("IJ") denial of his application for cancellation of removal. We dismiss the petition for review.

We lack jurisdiction to review whether Fuentes Cortez has demonstrated the requisite "exceptional and extremely unusual hardship" for cancellation of removal, *see Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003), as well as whether the BIA improperly streamlined this appeal in which only the hardship element, a discretionary factor, is in dispute, *see Falcon Carriche v. Ashcroft,* 350 F.3d 845, 852–55 (9th Cir.2003).

Fuentes Cortez's contention that his due process rights were violated, when the IJ allegedly refused to allow him to present a crucial witness and discounted the medical opinion admitted into evidence, is not supported by the record and therefore does not raise a colorable due process challenge. *See Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001) ("To be colorable ... the claim must have some possible validity"); *Ortiz v. INS,* 179 F.3d 1148, 1153 (9th Cir.1999) ("Due process challenges to deportation proceedings require a showing of prejudice to succeed.").

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**PETITION FOR REVIEW DISMISSED.**