Jose Guadalupe MACIAS ARELLANO; et al., Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–71330.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 13, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Jose Macias–Arellano and Martina Macias–Cervantes, husband and wife, and Macias–Cervantes' daughter Aglahe Lara–Cervantes, all natives and citizens of Mexico, petition for review of orders of the Board of Immigration Appeals affirming an immigration judge's denial of their applications for suspension of deportation.

The Board issued a separate order for each petitioner. The contention that the Board denied Macias–Cervantes and Lara–Cervantes due process by streamlining their appeals is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–52 (9th Cir.2003) (en banc) (holding that streamlining does not violate an alien's due process rights). Because we lack jurisdiction to review the immigration judge's underlying discretionary determination that Macias–Cervantes and Lara–Cervantes failed to satisfy the extreme hardship requirement, we also lack jurisdiction to entertain their contention that their cases did not satisfy the criteria for affirmance with-

out opinion. *Id.* at 854 (holding that the unreviewability of the underlying hardship determination renders unreviewable the Board's decision to streamline the appeal).

We likewise lack jurisdiction to review the Board's discretionary determination that Macias–Arellano failed to establish the requisite extreme hardship. *Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003).

Macias–Arellano's challenge to the immigration judge's finding that he lacks the requisite good moral character to warrant relief is moot in light of the Board's unreviewable finding that Macias–Arellano failed to establish the requisite extreme hardship. 8 U.S.C. § 1254(a)(1) (setting forth requirements for suspension of deportation), repealed by Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), petitioners' voluntary departure period will begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.