Alejandro MEDINA–TAFOLLA, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–70982.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 19, 2004.

Alejandro Medina–Tafolla, Las Vegas, NV, pro se.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Christine A. Bither, Esq., Jennifer L. Lightbody, U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

MEMORANDUM **

Alejandro Medina–Tafolla, a native and citizen of Mexico, petitions for review of

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

the Board of Immigration Appeals' summary affirmance of an Immigration Judge's ("IJ") denial of his application for cancellation of removal. We dismiss in part and deny in part the petition for review.

We lack jurisdiction over the IJ's "exceptional and extremely unusual hardship" determination because it involves an exercise of discretion. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003).

To the extent Tafolla contends the agency's use of the "exceptional and extremely unusual hardship" standard denied him due process, this contention is foreclosed by *Ramirez–Perez v. Ashcroft*, 336 F.3d 1001, 1004 (9th Cir.2003).

Tafolla's contention that the BIA's summary affirmance procedure violates due process is foreclosed by our decision in *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Tafolla's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**