Pedro ZUNIGA–CARMONA, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–72935.

Agency No. A75–670–783.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 17, 2004.[*]

Decided Sept. 21, 2004.

Kevin A. Bove, Escondido, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Mark C. Walters, Audrey B. Hemesath, Washington, DC, for Respondent.

5. *Id.*

6. *See Hoxha,* 319 F.3d at 1182–84.

7. *See id.* at 1184–85.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before T.G. NELSON, SILVERMAN, and WARDLAW, Circuit Judges.

MEMORANDUM**

Pedro Zuniga–Carmona, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals (BIA) order summarily affirming the immigration judge's denial of cancellation of removal for failure to establish exceptional and extremely unusual hardship. We dismiss the petition for review. We lack jurisdiction to review exceptional and extremely unusual hardship determinations arising from applications for cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(I); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 891 (9th Cir.2003). Similarly, we lack jurisdiction to review petitioner's claim that the BIA improperly streamlined his cancellation of removal claim. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 854 (9th Cir.2003).

Petitioner attempts to bypass the jurisdictional bar in this case by asserting that due process requires that his case be remanded to the IJ for consideration of *In re Monreal–Aguinaga,* 23 I. & N. Dec. 56, 2001 WL 534295 (BIA 2001). The IJ concluded that economic hardship and educational difficulties would not create exceptional and extremely unusual hardship. Because this interpretation was well within the broad range authorized by statute, petitioner fails to state a colorable due process claim, *see Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1006 (9th Cir.2003), and we lack jurisdiction to consider the claim. *Torres–Aguilar v. INS,* 246 F.3d 1267, 1270–71 (9th Cir.2001).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for a stay of voluntary departure. Because the stay of removal was granted, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal. The stays of voluntary departure and removal will expire upon issuance of the mandate. *Id.* at 749–50.

**PETITION DISMISSED.**