**Sergio JASSO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71043.

Agency No. A76–844–175.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 13, 2005.

Sergio Jasso, Escalon, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Timothy P. McIlmail, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before BEEZER, HALL, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Sergio Jasso, a native and citizen of Mexico, petitions pro se for review of the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from the Immigration Judge's ("IJ") decision denying his applications for asylum, withholding of removal, and cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252 to review the denial of Jasso's application for asylum and withholding of removal. We review the BIA's factual findings for substantial evidence. *Gormley v. Ashcroft,* 364 F.3d 1172, 1176 (9th

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Cir.2004). We deny in part, and dismiss in part the petition for review.

The record does not compel a finding that Jasso satisfied his burden of proving past persecution. *See Prasad v. INS,* 47 F.3d 336, 340 (9th Cir.1995). In addition, substantial evidence supports the BIA's conclusion that Jasso did not demonstrate an objectively reasonable fear of future persecution. *See Nagoulko v. INS,* 333 F.3d 1012, 1018 (9th Cir.2003). Accordingly, Jasso necessarily failed to satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

We lack jurisdiction to review Jasso's challenge to the BIA's denial of his cancellation application for failure to demonstrate the requisite "exceptional and extremely unusual hardship." *See* 8 U.S.C. § 1252(a)(2)(B); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 888 (9th Cir.2003) (holding that "an 'exceptional and extremely unusual hardship' determination is a subjective, discretionary judgment that has been carved out of our appellate jurisdiction."). Accordingly, we dismiss this portion of the petition for review.

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), Jasso's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was granted, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

PETITION FOR REVIEW DENIED in part and DISMISSED in part.