**Miguel MORENO–GURROLA,**
**Petitioner,**

v.

**Alberto GONZALES,\* Attorney**
**General, Respondent.**

**No. 03–74511.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 2005.\*\*

Decided Feb. 10, 2005.

Kevin A. Bove, Esq., Attorney at Law, Escondido, CA, for Petitioner.

Regional Counsel, Western Region, Laguna Niguel, CA, District Director, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Cindy S. Ferrier, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: FERNANDEZ, GRABER and GOULD, Circuit Judges.

MEMORANDUM ***

Miguel Moreno–Gurrola, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals summarily affirming without opinion the Immigration Judge's denial of his application for cancellation of removal.

We lack jurisdiction to review the BIA's discretionary determination that petitioner failed to demonstrate the requisite "exceptional and extremely unusual hardship" to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir. 2003). We also lack jurisdiction to consider petitioner's non-colorable due process challenges to that denial. *See Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001). Because we lack jurisdiction to review the discretionary hardship determination, we do not reach the government's argument regarding exhaustion.

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for a stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tune, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

PETITION FOR REVIEW DISMISSED.