Jose Cruz **ROMERO–TORRES**,
Petitioner,

v.

John **ASHCROFT**, Attorney
General, Respondent.

No. 01–71638.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 6, 2003.

Filed April 28, 2003.

---

Kevin A. Bove, Escondido, California, for the petitioner.

Robert D. McCallum, Jr., Assistant Attorney General, Civil Division, Carl H. McIntyre, Jr., Senior Litigation Counsel, Nancy E. Friedman, Office of Immigration Litigation, U.S. Department of Justice, Civil Division, Washington, D.C., for the respondent.

Before: T.G. NELSON, SILVERMAN, and McKEOWN, Circuit Judges.

## OPINION

McKEOWN, Circuit Judge:

Jose Cruz Romero–Torres ("Romero") appeals the denial of his application for cancellation of removal. He argues that he meets the statutory requirements for cancellation of removal set forth in 8 U.S.C. § 1229b(b)(1);[1] specifically, Romero claims that his removal would impose an extreme hardship because his parents rely upon him for emotional and financial support. After a hearing, the Immigration Judge ("IJ") denied his request, finding that Romero was not the primary source of his parents' financial support based on his undisputed contribution to their welfare, that his claimed difficulties were a "common occurrence" in any departure sit-

uation, and that he failed to demonstrate that his removal would result in "exceptional and extremely unusual hardship" as required under the statute. 8 U.S.C. § 1229b(b)(1)(D). The IJ granted Romero's request for voluntary departure. The Board of Immigration Appeals ("BIA") adopted the IJ's decision and dismissed the appeal.

The threshold issue—and one of first impression in this circuit—is whether we have jurisdiction to review the BIA's denial of cancellation based on a rejected claim of "exceptional and extremely unusual hardship."[2] Under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), "no court [has] jurisdiction to review ... any judgment regarding the granting of relief" for cancellation of removal. 8 U.S.C. § 1252(a)(2)(B). We join the other circuit that has addressed this issue and conclude that an "exceptional and extremely unusual hardship" determination is a subjective, discretionary judgment that has been carved out of our appellate jurisdiction. *See Gonzalez–Oropeza v. U.S. Attorney General,* 321 F.3d 1331, 1332–33 (11th Cir. Feb.2003).

## I. CANCELLATION OF REMOVAL UNDER IIRI-RA

Cancellation of removal is a new form of discretionary relief made available by IIR-

---

1. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") provides two forms of cancellation of removal: cancellation for aliens who are legal permanent residents, and cancellation for aliens who are not. *See Montero–Martinez v. Ashcroft,* 277 F.3d 1137, 1141 n. 2 (9th Cir.2002). Because Romero is not a legal permanent resident alien, he is not eligible for relief under § 1229b(a) and must therefore satisfy the more stringent statutory requirements set forth in § 1229b(b). *Id.* at 1140.

2. As in *Montero–Martinez,* 277 F.3d at 1140 n. 1, this appeal presents the question of "whether we can review decisions regarding discretionary relief by the Attorney General and his designees, which include[ ], *inter alia,* the IJ, the BIA, INS District Directors, and INS Regional Commissioners." Because appellate courts usually review BIA decisions, we use the term BIA as "shorthand for the Attorney General and his designees." *Id.*

IRA.[3] Pub.L. No. 104–208, Div. C, § 304, 110 Stat. 3009 (1996). Under IIRIRA, deportation and exclusion were merged into the broader category of "removal proceedings." *Kalaw v. INS*, 133 F.3d 1147, 1149 n. 2 (9th Cir.1997). Cancellation of removal, like suspension of deportation before it, is based on statutory predicates that must first be met; however, the ultimate decision whether to grant relief, regardless of eligibility, rests with the Attorney General. *See* 8 U.S.C. § 1229(b)(1).

The requirements for cancellation of removal for non-permanent residents are codified at 8 U.S.C. § 1229b(b)(1):

> The Attorney General may cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States if the alien—
>
> (A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;
>
> (B) has been a person of good moral character during such period;
>
> (C) has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title (except in a case described in section 1227(a)(7) of this title where the Attorney General exercises discretion to grant a waiver); and
>
> (D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

These requirements closely resemble those for suspension of deportation under pre-IIRIRA law and the transitional rules.[4] Although similar, Congress made two changes that are relevant to our analysis. First, the new statute omits the phrase "in his discretion" after "the Attorney General" in the initial grant of authority, and also omits the words "in the opinion of the Attorney General" under the "hardship" requirement. Second, the standard for cancellation of removal raises the "hardship" bar, requiring "exceptional and extremely unusual hardship" rather than the previous "extreme hardship" standard for suspension of deportation. *Compare* 8 U.S.C. § 1229(b)(1), *with* 8 U.S.C. § 1254(a)(1) (repealed 1996).

## II. JURISDICTION UNDER IIRIRA

IIRIRA "dramatically altered this court's jurisdiction" to review final orders

---

**3.** IIRIRA's cancellation of removal provisions apply to immigration proceedings initiated after April 1, 1997. *See Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). IIRIRA's transitional rules, adopting the suspension of deportation standard from pre-IIRIRA law, apply to cases that were pending before April 1, 1997 in which a final deportation or exclusion order was filed after October 30, 1996. Pre–IIRIRA law applies to cases in which a final deportation or exclusion order was filed on or before October 30, 1996. *See id.*

**4.** The suspension of deportation provision stated:

> [T]he Attorney General may, in his discretion, suspend deportation and adjust the status ... in the case of an alien ... who ...
>
> [1] has been physically present in the United States for a continuous period of not less than seven years immediately preceding the date of such application; ...
>
> [2] proves that during all of such period he was and is a person of good moral character; and
>
> [3] is a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

INA § 244(a)(1), 8 U.S.C. § 1254(a)(1) (repealed 1996).

of the BIA. *Kalaw,* 133 F.3d at 1149. Specifically, under the heading "Denials of discretionary relief," the statute provides that, "notwithstanding any other provision of law, no court shall have jurisdiction to review (i) any judgment regarding the granting of relief under section ... 1229b [cancellation of removal]." 8 U.S.C. § 1252(a)(2)(B)(i).

This provision eliminates our jurisdiction to review some determinations by the BIA, but not others. After looking to the varied uses of the word "judgment" throughout IIRIRA, in *Montero–Martinez* we concluded that the cancellation of removal provision "eliminates jurisdiction only over decisions by the BIA that involve the exercise of discretion." 277 F.3d at 1144. We retain jurisdiction to review "the purely legal and hence non-discretionary question whether [the applicant's] adult daughter qualifies as a 'child' " for purposes of the "exceptional and extremely unusual hardship" requirement. *Id.; see also Molina–Estrada v. INS,* 293 F.3d 1089, 1093–94 (9th Cir.2002) (holding that we have jurisdiction to consider whether the applicant's mother was a "lawful permanent resident" under the cancellation of removal requirement). We interpreted (B)(i) to encompass all discretionary decisions involved in the cancellation of removal context, including the ultimate discretionary decision to deny relief. *See Montero–Martinez,* 277 F.3d at 1144. Thus, for cancellation of removal cases, (B)(i) is the provision relevant to our jurisdiction over discretionary determinations.

None of our prior cases addressed the question presented here—whether the existence of "exceptional and extremely unusual hardship" itself is either non-discretionary and reviewable or discretionary and hence unreviewable under (B)(i). Earlier, however, we faced a similar issue in *Kalaw:* whether § 1252(a)(2)(B) re-moved our jurisdiction to review the determination that an alien had not met the now-repealed "extreme hardship" requirement for suspension of deportation under IIRIRA's transitional rules. 133 F.3d at 1149. We resolved that our jurisdiction was limited to "aspects of statutory eligibility" that required "application of law to factual determinations." *Id.* at 1150.

We then walked through the statutory requirements for suspension of deportation, sorting discretionary from non-discretionary aspects. We held that we had jurisdiction to consider eligibility under the first requirement, "continuous physical presence," because this determination was "more factual than discretionary." *Id.* at 1151 (listing established legal standards that guide the inquiry). We viewed the second, "good moral character" factor as more complex, resolving that we had jurisdiction to decide whether the applicant fell into per se exclusion categories, such as habitual drunkenness or conviction of a felony, because such categories depended on "findings of fact." *Id.* However, we concluded that we lacked jurisdiction to consider the question apart from these categories because, "whether an alien has good moral character is an inquiry appropriate for the Attorney General's discretion." *Id.* We explained that "this makes sense" because "whether someone has good moral character is almost necessarily a subjective question, dependent as it is upon the identity of the person or entity examining the issue." *Id.* Finally, and most significant for our purposes here, we held that the "extreme hardship" factor was purely discretionary because "the language ... itself commits the determination to 'the opinion of the Attorney General.' " *Id.* at 1152.

Romero argues that *Kalaw* is not controlling, pointing out that, in *Kalaw,* we interpreted IIRIRA's transitional rules

with different, albeit similar, language. Specifically, the language relied upon in *Kalaw*—"in the opinion of the Attorney General"—is now missing from the provision setting forth the "exceptional and extremely unusual hardship" requirement. Making much of this difference, Romero suggests that Congress's omission of this language is evidence that Congress intended to provide for judicial review. Given the "strong presumption in favor of judicial review of administrative action" and a "longstanding principle of construing any ambiguities in deportation statutes in favor of the alien," *Montero–Martinez*, 277 F.3d at 1141 (internal quotations and citations omitted), Romero urges us to conclude that the existence of "exceptional and extremely unusual hardship" is a factual determination that we may review. The difficulty with this argument is that the absence of the "in the opinion of" language does not change the essential, discretionary nature of the hardship decision.

Romero acknowledges that the facts in his case are not in dispute, and that his appeal does not challenge any factual determinations made by the BIA.[5] He also acknowledges that the existence of "exceptional and extremely unusual hardship" is a subjective inquiry about which reasonable minds can differ. He asserts, however, that "[j]ust because something is 'subjective' does not mean that it is discretionary." We disagree as it relates to the hardship requirement. As we observed in *Kalaw*, an inquiry is discretionary where it is a "subjective question" that depends on the value judgment "of the person or entity examining the issue." *Kalaw*, 133 F.3d at 1151. Because the BIA, acting for the Attorney General, is vested with the discretion to determine

whether an alien has demonstrated the requisite hardship, we are without jurisdiction to review the BIA's hardship determinations under IIRIRA.

Our conclusion is consistent with the holdings of the other circuits that have considered this question. In *Gonzalez–Oropeza*, 321 F.3d at 1332, the petitioners were in an identical posture procedurally. Based on § 1252(a)(2)(B)'s jurisdictional bar and prior precedent analyzing the "substantially similar extreme-hardship" language in IIRIRA's transitional rules, the Eleventh Circuit concluded that "the exceptional and extremely unusual hardship determination is a discretionary decision not subject to review." *Id.* at 1332–33.

Our resolution of this question is also consistent with pre-IIRIRA authority, which left extreme hardship determinations to the discretion of the BIA. In *INS v. Jong Ha Wang*, 450 U.S. 139, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981), the Supreme Court explored the boundaries of "extreme hardship":

> The crucial question in this case is what constitutes 'extreme hardship.' These words are not self-explanatory, and reasonable men could easily differ as to their construction. But the Act commits their definition in the first instance to the Attorney General and his delegates, and their construction and application of this standard should not be overturned by a reviewing court simply because it may prefer another interpretation of the statute.

*Id.* at 144, 101 S.Ct. 1027; *see also Carnal-la–Munoz v. INS*, 627 F.2d 1004, 1006 (9th Cir.1980) ("Extreme hardship is by the express terms of the statute a discretionary determination.").

---

5. Because the facts in this case are undisputed, we need not decide whether we have jurisdiction to review underlying, disputed factual determinations.

We join the Eleventh Circuit in acknowledging our limited jurisdiction with respect to the review of cancellation of removal proceedings. We lack jurisdiction to review the BIA's discretionary determination that an alien failed to satisfy the "exceptional and extremely unusual hardship" requirement for cancellation of removal. The petition is

**DISMISSED.**