**Santos AYALA–MACIAS; Maria Susana Ayala, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72297.

Agency Nos. A76–362–427, A75–598–238.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Submitted Feb. 17, 2004.*

Decided Feb. 25, 2004.

Santos Ayala–Macias, Maria Susana Ayala, Las Vegas, NV, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, District Director, Immigration & Naturalization Service, Phoenix, AZ, Richard M. Evans, Esq., James R. Grimes, Esq., Mark C. Walters, Esq., Susan Houser, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

MEMORANDUM **

Santos Ayala–Macias and his wife, Maria Susana Ayala, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's decision denying their application for cancellation of removal. We dismiss in part and deny in part the petition for review.

We lack jurisdiction over the IJ's "exceptional and extremely unusual hardship" determination because it involves an exercise of discretion. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003).

Petitioners' contention that the BIA's summary affirmance procedure violates due process is foreclosed by our decision in *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 851 (9th Cir.2003).

PETITION FOR REVIEW DISMISSED in part; DENIED in part.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

