PETITION FOR REVIEW DIS-MISSED.

**Ernesto Del Rio VERA; Blanca Del Rio, Petitioners,**

v.

**John D. ASHCROFT, Attorney General, Respondent.**

No. 03–70723.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 17, 2004.

Ernesto Del Rio Vera, Palmdale, CA, pro se.

Blanca Del Rio, Palmdale, CA, pro se.

Regional Counsel, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Luis E. Perez, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before: CANBY, KOZINSKI, and PAEZ, Circuit Judges.

MEMORANDUM **

Ernesto Del Rio Vera and his wife, Blanca Del Rio, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") denial of their motion to reopen removal proceedings in which the BIA affirmed the decision of an immigration judge ("IJ") denying their application for cancellation of removal because they failed to establish the requisite hardship. We dismiss the petition.

We lack jurisdiction to review the BIA's original decision because we lack jurisdiction to review its determination that Petitioners failed to demonstrate "exceptional and extremely unusual hardship." See Romero–Torres v. Ashcroft, 327 F.3d 887, 889–90 (9th Cir.2003). In addition, Petitioners did not timely appeal the BIA's first decision to this Court. See 8 U.S.C. § 1252(b)(1).

We also lack jurisdiction to review the BIA's denial of Petitioners' motion to re-open because such a denial is a judgment regarding the granting of the discretionary relief of cancellation of removal. See 8 U.S.C. § 1252(a)(2)(B)(i); cf. Medina–Morales v. Ashcroft, 362 F.3d 1263, 1267–69 (9th Cir.2004) (finding jurisdiction to review denial of motion to reopen where there was never a ruling on the discretionary relief sought by alien).

To the extent Petitioners request that this Court extend the BIA's grant of voluntary departure, such a request is foreclosed by Zazueta–Carrillo v. Ashcroft, 322 F.3d 1166, 1172–74 (9th Cir.2003).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**PETITION FOR REVIEW DIS-MISSED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.