**Gerardo BACA–LEON, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70216.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 21, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.   R.App. P. 34(a)(2).

Antonio Reyna Salazar, Esq., Adolfo Ojeda–Casimiro, Salazar Law Offices, Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service,Seattle, WA, Terri J. Scadron, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

MEMORANDUM **

Gerardo Baca–Leon, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming, without opinion, the immigration judge's ("IJ") denial of his application for cancellation of removal. We have jurisdiction to review Petitioner's due process claims under 8 U.S.C. § 1252. We review claims of due process violations in immigration proceedings de novo, *Lopez–Urenda v. Ashcroft*, 345 F.3d 788, 791 (9th Cir.2003), and we dismiss in part, and deny in part the petition for review.

To the extent that Petitioner challenges the BIA's streamlining procedure, his argument is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845 (9th Cir.2003).

The Petitioner's challenge to the IJ's hardship determination is also foreclosed by *Falcon Carriche*, which held that this Court "may not review whether an alien has demonstrated 'exceptional and extremely unusual hardship' because this inquiry is discretionary in nature," and this Court lacks jurisdiction over such discretionary decisions. *Id.* at 853 (citing *Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003)).

■ To the extent Petitioner contends that the IJ denied him due process by misinterpreting the "exceptional and extremely unusual hardship" standard, his argument fails to raise a colorable due process challenge under *Ramirez–Perez v. Ashcroft*, 336 F.3d 1001, 1004 (9th Cir. 2003), because the IJ's construction of the hardship standard did not stray beyond the broad range authorized by the statute. *See id.*; *see also Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir.2001) ("To be colorable . . . the claim must have some possible validity").

■ The Petitioner also alleges that biased comments made by the IJ during his removal proceedings deprived him of his right to a fair hearing. Petitioner's contention fails, because although the IJ's comments may have been offensive, the record does not show that the proceedings were "so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Reyes–Melendez v. INS*, 342 F.3d 1001, 1006 (9th Cir.2003) (citation and internal quotation marks omitted). Nor does Petitioner satisfy his burden of showing that the alleged violation potentially affected the outcome of the proceedings. *See Ramirez–Alejandre v. Ashcroft*, 319 F.3d 365, 383–84 (9th Cir. 2003) (en banc). Thus, the IJ's conduct did not violate the Petitioner's due process rights.

---

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was granted, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part, DENIED in part.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.