Rafael CORONA–SANDOVAL; et al., Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–74383.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Oct. 22, 2004.

Before: KLEINFELD, TASHIMA and GOULD, Circuit Judges.

MEMORANDUM **

Rafael Corona–Sandoval, his wife and daughter, all natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of their application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Meza–Manay v. INS,* 139 F.3d 759, 762 (9th Cir.1998), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the IJ's conclusion that being a victim of random crime by armed men does not support an asylum claim. *See Gormley v. Ashcroft,* 364 F.3d 1172, 1177 (9th Cir.2004) ("Random, isolated criminal acts perpetrated by anonymous thieves do not establish persecution."). Nor can the frustration of the police at Corona–Sandoval's refusal to cooperate in the investigation of his victimization support such a claim. *See Prasad v. INS,* 101 F.3d 614, 617 (9th Cir.1996) (stating what is required in order to demonstrate past persecution).

Finally, this court lacks jurisdiction to review the IJ's discretionary determination that petitioner did not qualify for cancellation of removal because he failed to demonstrate "exceptional and extremely unusual hardship." *See* 8 U.S.C.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

§ 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 890–91 (9th Cir.2003).

To the extent that Corona–Sandoval contends the agency's use of the "exceptional and extremely unusual hardship" standard denied him due process, this contention lacks merit. *See Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1004–05 (9th Cir. 2003).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), petitioners' motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED IN PART; DISMISSED IN PART.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.