Nicolas Araiza RAMIREZ;
et al., Petitioners,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–72635.

United States Court of Appeals,
Ninth Circuit.

---

Submitted Oct. 14, 2004.*

Decided Oct. 29, 2004.

Nicolas Araiza Ramirez, Santa Maria, CA, pro se.

Gabriela Ruvalcaba Gastelum, Santa Maria, CA, pro se.

Jose Miguel Araiza Ruvalcaba, Santa Maria, CA, pro se.

Regional Counsel, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland, San Francisco, CA, Anh–Thu P. Mai, Jacqueline Dryden, Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM **

Nicolas Araiza Ramirez, his wife, Gabriela Araiza Ruvalcaba, and their two children, natives and citizens of Mexico, petition pro se for review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") denial of their application for cancellation of removal. Although we lack jurisdiction to review discretionary hardship determinations, *Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003), we retain jurisdiction over, and review de novo, constitutional claims, *Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir.2001). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ To the degree petitioners challenge the IJ's hardship finding, we lack jurisdiction to review that discretionary determination. *See Romero–Torres,* 327 F.3d at 892.

We find unpersuasive petitioners' contention that the Nicaraguan Adjustment and Central American Relief Act violates equal protection. *See Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 602–03 (9th Cir. 2002).

■ We also find unpersuasive petitioners' contention that the IJ violated their equal protection rights by applying cancellation standards enunciated in the Illegal Immigration Reform and Immigrant Responsibility Act, because petitioners were served with the notice to appear in 2001, when suspension of deportation relief was no longer available. *See Vasquez–Zavala v. Ashcroft,* 324 F.3d 1105, 1108 (9th Cir. 2003); *Jimenez–Angeles,* 291 F.3d at 602–03.

We also find unpersuasive petitioners' contention that the BIA's decision to reject their late-filed brief was improper. 8 C.F.R. § 1003.3.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**