**Pedro LEYVA–HIGINIO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73904.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 13, 2004.

J. Manuel Sanchez, Esq., J. Manuel Sanchez & Associates, San Diego, CA, for Petitioner.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Executive Office of Immigration Review, Office of Immigration Judge, San Diego, CA, Ronald E. Lefevre, Chief Legal Officer, Immigration & Naturalization Service, San Francisco, CA, Earle B. Wilson, Office of Immigration Litigation Civil Division, Genevieve Holm, Esq., Department of Justice Civil Division, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Pedro Leyva–Higinio, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals affirming without opinion an immigration judge's denial of his application for cancellation of removal.

The immigration judge denied the application on two independent grounds: (1) that Leyva–Higinio failed to establish that he was physically present in the United States for a continuous period of not less than ten years immediately preceding the date of his application; and (2) that Leyva–Higinio failed to establish that his removal would result in exceptional or extremely unusual hardship to any of his four United States citizen children.

We have jurisdiction to review whether an alien has met the continuous physical presence requirement, *Falcon Carriche v.*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Ashcroft*, 350 F.3d 845, 853 (9th Cir.2003), but we do not have jurisdiction to review whether an alien has satisfied the hardship requirement, which rests in the discretion of the agency. 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft*, 327 F.3d 887 (9th Cir.2003).

Because the Board stated it only affirmed the results of the IJ's decision, we have no way of knowing on which ground or grounds the Board affirmed, and in turn whether we have jurisdiction to review the Board's decision. *Lanza v. Ashcroft*, No. 02–73538, 2004 WL 2650828, *1 (9th Cir. Nov.22, 2004). Accordingly, we vacate the Board's decision and remand with instructions to clarify the grounds for its affirmance of the immigration judge's denial of the application for cancellation of removal. *Id.* at *14 (9th Cir. Nov. 22, 2004).

VACATED and REMANDED.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.