**Venancio RAMOS–MENDOZA, Petitioner,**

v.

**Alberto R. GONZALES,* Attorney General, Respondent.**

No. 02–72469.
Agency No. A91–720–833.

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2005.**

Decided April 11, 2005.

David–Blake, Oceanside, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Executive Office of Immigration Review, Office of Immigration Judge, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, John L. Davis, DOJ—U.S. Department of Justice, Civil Div./Office of Immi-

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General

of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

gration Lit., Washington, DC, for Respondent.

Before KOZINSKI, HAWKINS, and CLIFTON, Circuit Judges.

## MEMORANDUM***

Venancio Ramos–Mendoza, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an Immigration Judge's denial of his application for cancellation of removal. We have partial jurisdiction under 8 U.S.C. § 1252. We dismiss the petition for review in part and deny it in part.

The BIA concluded that Ramos–Mendoza was ineligible for cancellation of removal because he "failed to demonstrate that his removal would result in exceptional and extremely unusual hardship to his children." We lack jurisdiction to review this determination, *see Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003), and therefore need not reach Ramos–Mendoza's claim concerning continuous physical presence.

Ramos–Mendoza contends that the BIA's allegedly erroneous determination that he did not establish continuous physical presence deprived him of the opportunity to file a meaningful motion to reopen. To the extent that this argument alleges a due process violation, it fails because Ramos–Mendoza has not demonstrated prejudice from the alleged violation. *See Ra-*

*mirez–Perez v. Ashcroft*, 336 F.3d 1001, 1006–07 (9th Cir.2003).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

