Feliciano **AGUILAR DELGADO**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 04–71957.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2005.*

Decided July 15, 2005.

Feliciano Aguilar Delgado, Anaheim, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Ernesto H. Molina, Jr., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and BYBEE, Circuit Judges.

## MEMORANDUM **

Feliciano Aguilar Delgado, a native and citizen of Mexico, petitions pro se for review of the decision of the Board of Immigration Appeals ("BIA") affirming an immigration judge's denial of his application for cancellation of removal. To the degree this Court has jurisdiction, it is conferred by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion for a continuance, *Nakamoto v. Gonzales,* 363 F.3d 874, 883 n. 6 (9th Cir.2004), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider the agency's discretionary determination that Aguilar Delgado did not satisfy the exceptional and extremely unusual hardship requirement. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003).

Aguilar Delgado contends that the agency improperly denied his request for a

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

continuance to allow newly-retained counsel time to prepare for the merits hearing after Aguilar Delgado fired his previously-retained counsel on the eve of the hearing. The agency did not abuse its discretion by denying a continuance, however, as it had given him fourteen months from his initial hearing where he appeared with counsel to prepare his case, and Aguilar Delgado chose to fire his attorney immediately preceding the hearing. *See Baires v. INS*, 856 F.2d 89, 91 (9th Cir.1988). Because Aguilar Delgado did not waive his right to counsel, his contention that his waiver of counsel was not knowing and intelligent is unavailing.

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.