Sergio TORRES–MONTES, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–74819.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 18, 2005.

R.App. P. 34(a)(2).

Ian E. Silverberg, Esq., Reno, NV, for Petitioner.

NVL–District Counsel, Office of the District Counsel Department of Homeland Security, Las Vegas, NV, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., John L. Davis, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: T.G. NELSON, TALLMAN, and BEA, Circuit Judges.

## MEMORANDUM **

Sergio Torres–Montes, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. Where, as here, the BIA affirms without opinion, we review the IJ's decision. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003). We review de novo claims of constitutional violations, *Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir.2001), and questions of law, *Montero–Martinez v. Ashcroft*, 277 F.3d 1137, 1145 (9th Cir. 2002). We dismiss in part, and deny in part, the petition for review.

We lack jurisdiction to review the IJ's discretionary determination that Torres–Montes failed to demonstrate the requisite "exceptional and extremely unusual hardship" pursuant to 8 U.S.C.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

§ 1229b(b)(1)(D). *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003).

■ We are also without jurisdiction to review Torres–Montes's contention that he was denied due process because of a lack of uniformity in the adjudication of cancellation of removal applications. *See* 8 U.S.C. § 1252(b)(4)(A) (providing that "the court of appeals shall decide the petition only on the administrative record on which the order of removal is based").

■ Torres–Montes's contention that the IJ violated his due process rights by failing to exercise discretion does not raise a colorable due process challenge. *See Romero–Aguilar, id.* ("To be colorable ... the claim must have some possible validity"); *Ortiz v. INS,* 179 F.3d 1148, 1153 (9th Cir.1999) ("Due process challenges to deportation proceedings require a showing of prejudice to succeed.").

■ Torres–Montes's argument that the IJ applied the wrong legal standard in determining hardship fails because the IJ's interpretation of "exceptional and extremely unusual hardship" falls well within the broad range authorized by the statutory language. *See Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1004–05 (9th Cir.2003).

PETITION FOR REVIEW DISMISSED in part; DENIED in part.