**Noel Agosto TIU; Mercedita Manzanares Tiu,**
**Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73588.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by 9th Cir. R. 36–3.

Submitted Nov. 8, 2005.*

Decided Nov. 14, 2005.

Bert M. Vega, Esq., Law Office of Bert M. Vega, Vallejo, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, LEAVY, and BERZON, Circuit Judges.

## MEMORANDUM **

Noel Agosto Tiu and Mercedita Manzanares Tiu, natives and citizens of the Philippines, petition for review of the summary affirmance by the Board of Immigration Appeals ("BIA") of the Immigration Judge's ("IJ") denial of their claims for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and cancellation of removal. We have jurisdiction pursuant to 8 U.S.C.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

§ 1252. Because the BIA affirmed the decision of the IJ without opinion, we review the fact findings of the IJ for substantial evidence. *See Gormley v. Ashcroft,* 364 F.3d 1172, 1176 (9th Cir.2004). We deny the petition for review.

 The Tius contend they fear that if they return to the Philippines, Mr. Tiu will be kidnaped because of his Chinese ethnicity. Substantial evidence supports the IJ's conclusion that the Tius failed to demonstrate a well-founded fear of future persecution on account of a protected ground. *See Al–Harbi v. INS,* 242 F.3d 882, 888 (9th Cir.2001). The IJ reasonably concluded that the motive of the kidnapers is not ethnicity, but to obtain money. People other than Filipino–Chinese have been kidnaped, including Americans, Japanese, and Europeans. Accordingly, the Tius failed to establish eligibility for asylum. *See id.*

To the extent the Tius contend they were eligible for withholding of removal, because they failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS,* 79 F.3d 955, 965 (9th Cir.1996) (en banc).

Substantial evidence supports the IJ's denial of CAT relief. *Farah v. Ashcroft,* 348 F.3d 1153, 1156–1157 (9th Cir. 2003). The public source documents generally support the conclusion that kidnaping is a widespread crime problem that the government is attempting ameliorate. The Tius have pointed to no evidence that compels a contrary conclusion.

We lack jurisdiction to review the IJ's discretionary hardship determination for cancellation of removal. *See Romero–*

*Torres v. Ashcroft,* 327 F.3d 887, 890–91 (9th Cir.2003). We therefore dismiss the petition as it related to the claim for cancellation of removal.

The stay of voluntary departure will expire upon issuance of the mandate in this case. *See Desta v. Ashcroft,* 365 F.3d 741, 750 (9th Cir.2004).

**PETITION DENIED IN PART AND DISMISSED IN PART.**