**Jonny A. EFIGENIO–SANCHEZ, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 03–73496.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2005.

Decided Dec. 13, 2005.

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Jonny Alberto Efigenio–Sanchez, Los Angeles, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Nancy E. Friedman, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: RYMER and WARDLAW, Circuit Judges, and REED,** District Judge.

## MEMORANDUM ***

Jonny Efigenio–Sanchez ("Petitioner" or "Efigenio–Sanchez"), a native and citizen of Mexico, petitions for review of the August 28, 2003 order of the Board of Immigration Appeals ("BIA") affirming without opinion the Immigration Judge's ("IJ") de-

cision finding Petitioner removable and denying his application for cancellation of removal. Where the BIA affirms the reasoning of the IJ, we review the IJ's decision. *See Arulampalam v. INS,* 353 F.3d 679, 680 (9th Cir.2003). We dismiss the petition for review in part and deny in part.

Efigenio–Sanchez raises two challenges: (1) that the IJ erroneously determined that he did not satisfy the "exceptional and extremely unusual hardship" requirement for cancellation of removal under 8 U.S.C. § 1229b(b)(1); and (2) that the different hardship standards applied to aliens from certain Latin American countries under the Nicaraguan Adjustment and Central American Relief Act of 1997 ("NACARA"), as compared to those applied to aliens from all other countries, violated his right to equal protection under the law.

■ We lack jurisdiction to review the IJ's denial of Efigenio–Sanchez's application for cancellation of removal because the IJ based her denial on the discretionary finding that Efigenio–Sanchez had not established "exceptional and extremely unusual hardship." *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 888 (9th Cir.2003).

■ Second, although we have jurisdiction to review Efigenio–Sanchez's equal protection claim, we previously have held that NACARA's distinctions between deportable groups are rationally based and do not violate any equal protection rights. *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 603 (9th Cir.2002) ("NACARA easily satisfies the rational basis test.... Congress's decision to afford more favorable

---

** The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

treatment to certain aliens 'stems from a rational diplomatic decision to encourage such aliens to remain in the United States.'") (citations omitted); *Ram v. INS*, 243 F.3d 510, 517–18 (9th Cir.2001).

Pursuant to the holding of *Desta v. Ashcroft*, 365 F.3d 741, 749 (9th Cir.2004), Petitioner's Motion for Stay of Removal included a timely request for stay of voluntary departure. Because the Motion for Stay of Removal was granted, the voluntary departure period was also stayed *nunc pro tunc* to the filing of the Motion for Stay of Removal. This stay will expire upon issuance of the mandate.

PETITION FOR REVIEW DISMISSED in part, DENIED in part.