**Raul Gamboa BERMUDEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–72609.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 16, 2006.

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioner.

David M. McConnell, Kurt B. Larson, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Raul Gamboa Bermudez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") order denying his application for cancellation of removal. We dismiss the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Gamboa Bermudez failed to demonstrate the "exceptional and extremely unusual hardship" necessary to qualify for cancellation of removal. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003).

Gamboa Bermudez's contention that the IJ's determination that he was not credible prejudiced his case does not raise a colorable due process challenge. *See Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001) ("To be colorable ... the claim must have some possible validity"); *Ortiz v. INS,* 179 F.3d 1148, 1153 (9th Cir.1999) ("Due process challenges to deportation proceedings require a showing of prejudice to succeed.").

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DISMISSED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

