**Jaime Vega SANCHEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74648.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2006.*

Decided June 16, 2006.

Dan R. Larsson, Law Office of Dan R. Larsson, Bend, OR, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Robbin K. Blaya, Esq., U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, PAEZ, and BERZON, Circuit Judges.

## MEMORANDUM **

The stay previously issued in this case is vacated.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Jaime Vega Sanchez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's ("IJ") order denying his application for cancellation of removal. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings, *see Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Vega Sanchez's challenge to the IJ's discretionary determination that he failed to demonstrate exceptional and extremely unusual hardship to his qualifying relatives. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir. 2003); *Montero–Martinez v. Ashcroft,* 277 F.3d 1137, 1144 (9th Cir.2002).

Vega Sanchez contends the IJ violated his due process rights by using a boilerplate decision. The IJ's decision indicates she gave Vega Sanchez's application the required individual determination. *Cf. Paramasamy v. Ashcroft,* 295 F.3d 1047, 1050–52 (9th Cir.2002) (holding an IJ's boilerplate demeanor findings failed to provide an adequate basis for this court to conduct its review). The IJ set forth the facts as testified to by Vega Sanchez, his father, and his employer, and the IJ's legal analysis was specific to his claim. Although the IJ incorrectly cited Vega Sanchez's entry date, the exact date did not affect the IJ's analysis because the 10–year continuous physical presence requirement of 8 U.S.C. § 1229(b)(1) was not at issue.

Vega Sanchez next contends he was denied a full and fair hearing because the IJ was biased. The record before us indicates Vega Sanchez was not prevented from reasonably presenting his case. *Cf. Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (holding an immigration judge's pre-trial comments and limits on petitioner's testimony prevented petitioner from presenting his case).

Vega Sanchez's challenge to the BIA's affirmance is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845 (9th Cir. 2003); *Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001). Because the IJ denied Vega Sanchez's application solely because he failed to demonstrate exceptional and extremely unusual hardship to his qualifying relatives, there is no ambiguity as to the basis for the BIA's affirmance. *Cf. Lanza v. Ashcroft,* 389 F.3d 917, 924–28 (9th Cir.2004) (remanding where it was unclear whether the BIA affirmed on a reviewable or unreviewable ground).

**PETITION FOR REVIEW DISMISSED IN PART, DENIED IN PART.**