**Erwin MAMBO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74222.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 23, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kaaren L. Barr, Esq., Seattle, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, office of the District Counsel, Seattle, WA, Michael P. Lindemann, Esq., John D. Williams, Esq., Ethan B. Kanter, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

## MEMORANDUM **

Erwin Mambo, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming without opinion an immigration judge's ("IJ") decision denying his applications for asylum and cancellation of removal. To the extent we have jurisdiction it is pursuant to 8 U.S.C. § 1252. We review the IJ's factual findings for substantial evidence. *Ladha v. INS,* 215 F.3d 889, 896 (9th Cir.2000). We deny in part, dismiss in part, and grant in part the petition for review, and remand on the issue of voluntary departure.

■ Substantial evidence supports the IJ's conclusion that Mambo failed to show that his claimed fear of persecution was objectively reasonable, and he therefore failed to show that he was eligible for asylum. Mambo did not claim past persecution and did not "adduc[e] credible, direct, and specific evidence ... of facts that would support a reasonable fear of persecution." *Id.* at 897. Further, he testified that his similarly-situated sister returned to Indonesia in 1995 and lives there without incident. *See Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001) (stating that an "applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident").

■ We lack jurisdiction to review the IJ's discretionary determination that Mambo failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003). Further, contrary to Mambo's contention, the IJ's interpretation of the hardship standard falls within the broad range authorized by the statute. *See Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1004–06 (9th Cir. 2003).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Mambo's remaining contentions are unpersuasive.

█ The IJ granted voluntary departure for a 60–day period and the BIA streamlined and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales,* 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore remand to the BIA to reinstate the 60–day voluntary departure period.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part; GRANTED in part; REMANDED.**