**Rafael Lezama RODRIGUEZ; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–71148.**

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 24, 2007.

Rafael Lezama Rodriguez, Huntington Beach, CA, pro se.

Amalia Baltazar, Huntington Beach, CA, pro se.

Nancy Lezama Baltazar, Huntington Beach, CA, pro se.

Miguel Angel Lezama Baltazar, Huntington Beach, CA, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

MEMORANDUM **

Rafael Lezama Rodriguez, his wife Amalia Baltazar, and their two children, seek

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

review of an order of the Board of Immigration Appeals ("BIA") upholding an immigration judge's order denying their applications for cancellation of removal. We review de novo claims of constitutional violations in immigration proceedings. *See Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's discretionary determination that the petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003).

We do not consider the petitioners' contentions regarding physical presence and moral character because their failure to establish hardship is dispositive. *See* 8 U.S.C. § 1229b(b)(1); *Romero–Torres v. Ashcroft*, 327 F.3d 887, 889 (9th Cir.2003) (noting that an applicant must establish continuous physical presence, good moral character and hardship to a qualifying relative to be eligible for relief).

The petitioners' equal protection challenge to the Nicaraguan Adjustment and Central American Relief Act ("NACARA") is foreclosed by *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 602–03 (9th Cir.2002) ("Congress's decision to afford more favorable treatment to certain aliens 'stems from a rational diplomatic decision to encourage such aliens to remain in the United States' "). The petitioners' due process challenge to NACARA also fails. *See Hernandez–Mezquita v. Ashcroft*, 293 F.3d 1161, 1165 (9th Cir.2002) (rejecting a due process challenge because petitioner failed to demonstrate that he was deprived of a qualifying liberty interest).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**