**Maria Ruth GUTIERREZ, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

Nos. 04–73679, 05–70834.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2007.\*\*

Filed Nov. 27, 2007.

Robert B. Jobe, Esq., Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner.

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Office of the U.S. Attorney Western District of Arkansas, Fort Smith, AR, for Respondent.

Before: TROTT, W. FLETCHER, and CALLAHAN, Circuit Judges.

MEMORANDUM \*\*\*

Maria Ruth Gutierrez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from the Immigration Judge's ("IJ") order denying her application for cancellation of removal, and its order denying her motion to reopen based on ineffective assistance of counsel. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen, and review de novo claims of due process violations in removal proceedings, including claims of ineffective assistance of counsel. *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005). In No. 04–73679, we dismiss in part and grant in part the petition for review, and in No. 05–70834, we deny the petition for review.

We lack jurisdiction to review the IJ's discretionary determination that Gutierrez failed to show exceptional and extremely unusual hardship to a qualifying relative.

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

See Romero–Torres v. Ashcroft, 327 F.3d 887, 892 (9th Cir.2003).

The IJ granted voluntary departure for a 60–day period and the BIA streamlined and changed the voluntary departure period to 30 days. However, in *Padilla–Padilla v. Gonzales*, 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore remand to the BIA to reinstate the 60–day voluntary departure period.

In No. 05–70834, we agree with the BIA's conclusion that the performance by former counsel did not result in prejudice to Gutierrez, thus her claim of ineffective assistance of counsel fails. *See Iturribarria v. INS*, 321 F.3d 889, 899–900 (9th Cir.2003) (to prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that counsel's conduct may have affected the outcome of proceedings).

In No. 04–73679, **PETITION FOR REVIEW DISMISSED; REMANDED.**

In No. 05–70834, **PETITION FOR REVIEW DENIED.**

---

* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.