**Musa SULE, aka James Matlock; Meriamu Oseni, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–73082.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2008.*

Filed April 21, 2008.

Sarah J.M. Jones, Law Offices of Sarah J.M. Jones, San Francisco, CA, for Petitioners.

Richard M. Evans, Andrew Oliveira, Washington, DC, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Ronald E. Lefevre, San Francisco, CA, Office of the District Counsel, Department of Homeland Security, for Respondent.

Before: KOZINSKI, Chief Judge, TASHIMA and N.R. SMITH, Circuit Judges.

### MEMORANDUM**

1. We lack jurisdiction to review petitioners' suspension of deportation claims, because "whether an alien has good moral character is an inquiry appropriate for the Attorney General's discretion." *Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003) (quoting *Kalaw v. INS,* 133 F.3d 1147, 1151 (9th Cir.1997)).

2. The IJ made an adverse credibility finding (which petitioners don't challenge), and petitioners don't dispute that they committed immigration fraud by arranging a sham marriage. Substantial evidence thus supports the IJ's finding that petitioners aren't eligible for asylum. 8 U.S.C. § 1252(b)(4)(B). Petitioners are therefore also necessarily ineligible for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003). Petitioners' claims for relief under the Convention Against Torture fail because a reasonable adjudicator would not be compelled to find that it's more likely than not that they would be tortured if removed. *See* 8 C.F.R. § 1208.16(c)(2).

**PETITION DISMISSED IN PART and DENIED IN PART.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

