**Yolanda RAMIREZ–VALDOVINO, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 03–73467.

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2005.\*\*

Decided April 11, 2005.

Nora E. Milner, Esq., Milner & Markee, LLP, San Diego, CA, for Petitioner.

Regional Counsel, Western Region, Laguna Niguel, CA, CAS–District Counsel, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Joan E. Smiley, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KOZINSKI, HAWKINS, and CLIFTON, Circuit Judges.

MEMORANDUM \*\*\*

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Yolanda Ramirez–Valdovino, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance without opinion of an Immigration Judge's ("IJ") denial of her application for cancellation of removal. We vacate the BIA's decision and remand.

The IJ denied Ramirez–Valdovino's application on three independent grounds: failure to establish continuous physical presence; failure to establish good moral character; and failure to demonstrate exceptional and extremely unusual hardship to her United States citizen son.

■ We have jurisdiction to review whether Ramirez–Valdovino met the continuous physical presence requirement and whether the IJ correctly applied the per se exclusion categories with respect to Ramirez–Valdovino's moral character. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003). We lack jurisdiction, however, to review whether she has satisfied the hardship requirement. *See id.* at 891.

■ Because the BIA affirmed without opinion, we have no way of knowing on which ground or grounds the BIA affirmed, and in turn whether we have jurisdiction to review the BIA's decision. *See Lanza v. Ashcroft,* 389 F.3d 917, 932 (9th Cir.2004). Accordingly, we vacate the BIA's decision and remand with instructions to clarify its grounds for affirming the IJ's denial of Ramirez–Valdovino's application for cancellation of removal. *Id.*

Given our disposition, we need not address Ramirez–Valdovino's objection to the BIA's streamlining of her case. Nor, without benefit of the BIA's reasoning, can we decide her contentions concerning the IJ's decision.

VACATED and REMANDED.