**Pedro MORAN; et al., Petitioners,**

v.

**Alberto GONZALES, Attorney General, Respondent.**

No. 03–73406.

United States Court of Appeals, Ninth Circuit.

Submitted May 6, 2005.*

Decided June 15, 2005.

Jose Moran, Bakersfield, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, John L. Davis, DOJ—U.S. Department of

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN and WARDLAW, Circuit Judges, and WHALEY,** District Judge.

MEMORANDUM ***

Pedro Moran, Rosalina Cruz Rodriguez, Omar Moran, and Jose Moran, natives and citizens of Mexico, petition *pro se* for review of orders of the Board of Immigration Appeals affirming an immigration judge's denial of their applications for cancellation of removal.

We lack jurisdiction to review the discretionary determination that petitioners failed to establish the requisite exceptional and extremely unusual hardship to a qualifying relative. 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003).

Petitioners' contention that the statutory application of a stricter hardship standard to Mexican nationals than to aliens from certain other countries is unfair and a violation of equal protection of the law lacks merit. *See Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 603 (9th Cir.2002) (rejecting due process and equal protection challenges to the Nicaraguan Adjustment and Central American Relief Act's favorable treatment of aliens from certain countries).

PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.