Gema Rosalva WOLF DEL MORAL;
Marcos Inocencio Vazquez
Guevara, Petitioners,

v.

Alberto R. GONZALES,* Attorney
General, Respondent.

No. 03–72810.

United States Court of Appeals,
Ninth Circuit.

Submitted: June 14, 2005.**

Decided: June 17, 2005.

Gema Rosalva Wolf Del Moral, Seaside, CA, pro se.

Marcos Inocencio Vazquez Guevara, Seaside, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Alison Marie Igoe, DOJ—U.S.Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM ***

Gema Rosalva Wolf del Moral and Marcos Inocencio Vazquez Guevara, married

---

1. We grant appellant's motion to file a supplemental brief.

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmances without opinion of an Immigration Judge's ("IJ") denial of their applications for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition for review with respect to Wolf del Moral. We vacate the BIA's decision with respect to Vazquez Guevara, and remand his case for further proceedings.

The IJ denied Wolf del Moral's application on two grounds: failure to establish good moral character and failure to establish continuous physical presence. As substantial evidence supports the IJ's moral character determination, *see Avendano–Ramirez v. Ashcroft*, 365 F.3d 813, 815 (9th Cir.2004), we need not reach Wolf del Moral's contention concerning her continuous physical presence.

The IJ's finding was based on Wolf del Moral's "false statements in her application, made under oath, and then her false testimony to this Court," which "made her ineligible to claim good moral character." Implicitly, the IJ was invoking 8 U.S.C. § 1101(f)(6), which specifies as a bar to good moral character the giving of "false testimony for the purpose of obtaining any benefits under this Act." This is a per se exclusion category, which we have jurisdiction to review. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 890 (9th Cir.2003). At Wolf del Moral's removal hearing, the government presented evidence of two removal orders issued at the border, causing her to retract earlier testimony that she had not left the United States since arriving in 1987. This false testimony constitutes substantial evidence supporting the IJ's adverse moral character determination.

The IJ denied Vazquez Guevara's application on two grounds: failure to establish continuous physical presence and failure to demonstrate exceptional and extremely unusual hardship to his American citizen children. We have jurisdiction to review whether Vazquez Guevara met the continuous physical presence requirement. *See id.* at 890. We lack jurisdiction, however, to review whether he has satisfied the hardship requirement. *Id.* at 891.

As the government concedes, because the BIA affirmed without opinion we have no way of knowing on which ground or grounds the BIA affirmed, and in turn whether we have jurisdiction to review the BIA's decision. *See Lanza v. Ashcroft*, 389 F.3d 917, 932 (9th Cir.2004). Accordingly, we vacate the BIA's decision and remand with instructions to clarify its grounds for affirming the IJ's denial of Vazquez Guevara's application for cancellation of removal. *Id.*

PETITION FOR REVIEW DENIED WITH RESPECT TO WOLF DEL MORAL. BIA DECISION REGARDING VAZQUEZ GUEVARA VACATED; REMANDED.