**Jose Zacarias CERON; Magdalena Lopez, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72846.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2005.*

Decided July 15, 2005.

Kevin A. Bove, Esq., Escondido, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Blair T. O'Connor, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and BYBEE, Circuit Judges.

MEMORANDUM **

Jose Zacarias Ceron and his wife, Magdalena Lopez, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") summary affirmance without opinion of an immigration judge's ("IJ") denial of their applications for cancellation of removal. We dismiss the petition for review.

We lack jurisdiction to review whether petitioners have demonstrated the requisite "exceptional and extremely unusual hardship" for cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003). We also lack jurisdiction to review whether the BIA improperly streamlined this appeal in which only the hardship element, a discretionary factor, is in dispute. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 854 (9th Cir.2003).

Petitioners' contention that their due process rights were violated when the IJ allegedly refused to allow them to present a crucial witness, and assumed facts not in evidence, is not supported by the record and therefore does not raise a colorable due process challenge. *See Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir. 2001) ("To be colorable ... the claim must have some possible validity") (internal quotations omitted); *Ortiz v. INS,* 179 F.3d 1148, 1153 (9th Cir.1999) ("Due process challenges to deportation proceedings require a showing of prejudice to succeed.").

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DISMISSED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.