Moises **FUENTES**; Concepcion Fuentes, Petitioners,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

Nos. 03–71339, A77–852–623, A77–852–624.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 4, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Inna Lipkin, Law Offices of Inna Lipkin, Redwood City, CA, for Petitioners.

Regional Counsel, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Genevieve Holm, Earle B. Wilson, Joshua E. Braunstein, U.S. Department of Justice, Washington, DC, for Respondent.

Before O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

### MEMORANDUM**

Moises and Concepcion Fuentes, married natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") summary affirmance without opinion of an Immigration Judge's ("IJ") denial of their applications for cancellation of removal. We vacate the BIA's decision and remand.

The IJ denied the Petitioners' applications on two independent grounds: failure to establish continuous physical presence and failure to demonstrate exceptional and extremely unusual hardship to their United States citizen children.

We have jurisdiction to review whether Petitioners met the continuous physical presence requirement. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003). We lack jurisdiction, however, to review whether they satisfied the hardship requirement. *Id.* at 891.

Because the BIA affirmed without opinion, we have no way of knowing on which ground or grounds the BIA affirmed, and in turn whether we have jurisdiction to review the BIA's decision. *See Lanza v. Ashcroft,* 389 F.3d 917, 932 (9th Cir.2004). Accordingly, we vacate the BIA's decision and remand with instructions to clarify its grounds for affirming the IJ's denial of Petitioners' applications for cancellation of removal. *Id.*

**VACATED and REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.