**Juan Jose Aguilar PINEDO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74099.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 21, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Juan Jose Aguilar Pinedo, Santa Ana, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Donald E. Keener, Esq., Alison R. Drucker, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

## MEMORANDUM **

Juan Jose Aguilar Pinedo, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's order denying cancellation of removal for failure to establish good moral character. We have jurisdiction under 8 U.S.C. § 1252(a)(1) to review whether an alien's conduct falls within a per se exclusion category for purposes of eligibility for cancellation of removal. *Romero–Torres v. Ashcroft*, 327 F.3d 887, 890 (9th Cir.2003). We review findings of fact for substantial evidence. *Moran v. Ashcroft*, 395 F.3d 1089, 1090–91 (9th Cir.2005). We grant the petition for review, and remand for further proceedings.

Pinedo testified that he paid smugglers $1,500 to enable his spouse to enter the United States without inspection. The BIA concluded that Pinedo was statutorily ineligible for cancellation and ineligible for a waiver. *See* 8 U.S.C. §§ 1101(f)(3), 1182(a)(6)(E)(i) (stating that an alien who assists another alien to enter the United States in violation of the law fails the moral character requirement). The agency, however, did not have the benefit of this court's recent decision in *Moran*, 395 F.3d at 1094, which indicates that Pinedo was eligible for a family unity waiver. *See id.* (stating that "the alien-smuggling provision ... does not operate to deny the applicant statutory eligibility for cancellation of removal ... because the Attorney General may waive the applicability of the alien-smuggling provision" when the applicant assisted his or her spouse to enter the United States in violation of the law.) Pinedo therefore remained eligible for cancellation of removal and the agency improperly pretermitted his application. *See id.*

___

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

In accordance with *INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002), we remand for further proceedings consistent with this decision.

**PETITION FOR REVIEW GRANT-ED; REMANDED**

