**Jorge ACEVEDO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–74216.

United States Court of Appeals, Ninth Circuit.

Submitted March 9, 2006.*

Decided March 15, 2006.

Karla L. Kraus, Esq., Kraus Law Corporation, San Diego, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Alison Marie Igoe, Esq., Anthony W. Norwood, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: D.W. NELSON, THOMAS, and TALLMAN, Circuit Judges.

MEMORANDUM **

Petitioner Jorge Acevedo–Gonzalez ("Acevedo") petitions for review of the Board of Immigration Appeals' ("BIA") streamlined affirmance of his final order of removal. After conceding removability, Acevedo filed an application for cancellation of removal. The Immigration Judge ("IJ") denied his application, finding him ineligible because of a prior domestic violence conviction. *See* 8 U.S.C. § 1227(a)(2)(E)(i) (an alien who has been convicted of a "crime of domestic violence" is deportable); 8 U.S.C. § 1229b(b)(1)(C) (an admitted alien is not eligible for cancellation of removal if that alien has been convicted of an offense under 8 U.S.C. § 1227(a)(2)). Alternatively, the IJ concluded that even if Acevedo was eligible for this form of relief, he had failed to show the requisite exceptional and extremely unusual hardship. *See* 8 U.S.C. § 1229b(b)(1)(D). The BIA summarily affirmed.

We have jurisdiction to review whether Acevedo is eligible for cancellation of removal, *see* 8 U.S.C. § 1252(a)(1), (a)(2)(D); however, we do not have jurisdiction to review the IJ's discretionary judgment that Acevedo failed to show exceptional and extremely unusual hardship. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 888 (9th Cir.2003) (quoting 8 U.S.C. § 1252(a)(2)(B)). Because it is impossible to discern whether the BIA affirmed the IJ on a ground over which this Court has jurisdiction, we must grant the petition and remand back to the agency for clarification. *See Lanza v. Ashcroft*, 389 F.3d 917, 919–20 (9th Cir.2004).

**PETITION FOR REVIEW GRANTED; REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

