**Ramon BARAJAS, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74217.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 27, 2007.

Juliette Topacio Sarmiento, Esq., Berkeley, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Emily A. Radford, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Molly L. Debusschere, Esq., U.S. Dept of Justice, Washington, DC, for Respondent.

Before: GRABER, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM **

Ramon Barajas seeks review of an order of the Board of Immigration Appeals ("BIA") upholding an immigration judge's ("IJ") order denying Barajas' application for cancellation of removal. We review de

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

novo claims of constitutional violations in immigration proceedings. *See Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). We deny the petition for review in part and dismiss in part.

Barajas contends the IJ violated due process by not giving Barajas additional time to secure the testimony of his lawful permanent resident parents' physician because he was not afforded the opportunity to present additional testimony related to the · medical condition of his permanent resident parents. Contrary to Barajas' contention, the proceedings were not "so fundamentally unfair that [he] was prevented from reasonably presenting his case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (citation omitted). Moreover, the doctor's report was in the record and Barajas failed to demonstrate that additional testimony would have affected the outcome of the proceedings. *See id.* (requiring prejudice to prevail on a due process challenge).

We lack jurisdiction to review the BIA's discretionary determination that Barajas failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003).

**PETITION FOR REVIEW DENIED in part and DISMISSED in part.**