**Juan David RUIZ–PENA; et al., Petitioners,**

v.

**Peter D. KEISLER,\* Acting Attorney General, Respondent.**

**Nos. 05–71280, 05–73931.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007 \*\*.

Filed Sept. 27, 2007.

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mary Jane Candaux, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM \*\*\*

In these consolidated petitions, Juan David Ruiz–Pena and his wife Sonia Maribel Elizondo–Ruelas, natives and citizens of Mexico, petition for review of the Board

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of Immigration Appeals' ("BIA") order affirming an Immigration Judge's ("IJ") order denying their applications for cancellation of removal and its order denying their motion to reopen. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *See Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We review de novo claims of constitutional violations in immigration proceedings. *See Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). In No. 05–71280, we deny in part, dismiss in part, grant in part, and remand. In No. 05–73931, we deny the petition for review.

We lack jurisdiction to review the BIA's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 890 (9th Cir.2003).

In No. 05–71280, the record shows that the IJ used the correct "exceptional and extremely unusual" hardship standard and not an "unconscionable" standard, as petitioners claim. *See* 8 U.S.C. § 1229b(b)(1)(D).

Petitioners contend they should receive voluntary departure because the IJ denied voluntary departure for the same reason it denied cancellation—lack of good moral character—and the BIA set aside the IJ's moral character finding. Because the BIA set aside the IJ's basis for denying voluntary departure, without expressly addressing petitioners' eligibility for voluntary departure, we grant the petition and remand to consider voluntary departure in the first instance. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

In No. 05–73931, the BIA did not abuse its discretion in denying petitioners' motion to reopen because they failed to demonstrate the evidence they submitted was previously unavailable. *See* 8 C.F.R. § § 1003.2(a) and (c); *Bhasin v. Gonzales*, 423 F.3d 977, 984 (9th Cir.2005).

Petitioners' contention that their due process rights were violated because the BIA did not consider the evidence regarding their son's hardship, is not supported by the record.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part; GRANTED in part; REMANDED. (05–71280)**

**PETITION FOR REVIEW DENIED. (05–73931)**