**Raul Carlos JULIO; et al., Petitioners,**

v.

**Peter D. KEISLER,* Acting Attorney General, Respondent.**

**No. 04–73978.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.**

Filed Sept. 27, 2007.

Raul Carlos Julio, Santa Ana, CA, pro se.

Maria Alejandra Sanchez Lopez, Santa Ana, CA, pro se.

---

General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

---

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Jonathan S. Shapiro, USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Larry P. Cote, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

### MEMORANDUM ***

Raul Carlos Julio and his wife Maria Alejandra Sanchez Lopez, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an Immigration Judge's ("IJ") decision denying their applications for cancellation of removal. To the extent we have jurisdiction it is pursuant to 8 U.S.C. § 1252. We dismiss in part, deny in part, and grant in part the petition for review, and remand.

We lack jurisdiction to review the agency's determination that Carlos Julio failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003).

Carlos Julio's and Sanchez Lopez's contention that the streamlined BIA decision violates their constitutional rights is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 848 (9th Cir.2003).

As to petitioner Sanchez Lopez only, an intervening change in the law requires us to remand on the issue of continuous physical presence. In *Ibarra–Flores v. Gonzales,* 439 F.3d 614, 619 (9th Cir.2006), we held that voluntary departure under threat of deportation breaks the accrual of continuous physical presence only where the alien is informed of the terms of the departure. *See also Tapia v. Gonzales,* 430 F.3d 997, 1004 (9th Cir.2005) (border turnaround does not necessarily interrupt the continuity of an alien's physical presence in the United States). Based on the record before us, there is no indication that Sanchez Lopez was informed of the terms of her departure or that it was accepted voluntarily or knowingly.

Accordingly, we grant the petition for review and remand for further proceedings consistent with *Ibarra–Flores* and *Tapia* with respect to petitioner Sanchez Lopez. We deny in part and dismiss in part the petition for review with respect to petitioner Carlos Julio.

Petitioners' remaining contentions are without merit.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part; and GRANTED in part; REMANDED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.