Francisco Javier Avila JUAREZ, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 07–71525.

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2008.*

Filed July 2, 2008.

Michelle Gonzalez, Law Office of Michelle Gonzalez, Huntington Park, CA, for Petitioner.

OIL, CAC–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Kurt B.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Larson, Stacy S. Paddack, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: REINHARDT, LEAVY, and CLIFTON, Circuit Judges.

MEMORANDUM **

Francisco Javier Avila Juarez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals decision affirming the immigration judge's denial of his application for cancellation of removal based on his failure to establish the requisite exceptional or extremely unusual hardship to his United States citizen daughter and lawful permanent resident wife.

We lack jurisdiction to review petitioner's challenge to the BIA's discretionary determination that petitioner failed to show exceptional and extremely unusual hardship to his qualifying relatives. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003). Petitioner contends that the immigration violated his due process rights and deprived him of a full and fair hearing by not allowing petitioner to present his direct testimony and by limiting petitioner's wife's testimony only to the hardship caused by the family separation. Petitioner's due process argument is without merit because the record indicates that the IJ did not materially limit the testimony of petitioner and his wife, *see* 8 C.F.R. § 1240.1(c) ("The immigration judge shall receive and consider [only] material and

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

relevant evidence"); and petitioner failed to show that the agency's actions prejudiced the outcome of his case, *see Ortiz v. INS,* 179 F.3d 1148, 1153 (9th Cir.1999) ("Due process challenges to deportation proceedings require a showing of prejudice to succeed"), where the IJ properly limited the testimony to the issue of hardship and separation based on her findings that the documentary evidence was sufficient to establish that petitioner satisfied the continuous physical presence and good moral character requirements for cancellation of removal.

**PETITION FOR REVIEW DISMISSED in part; and DENIED in part.**