**Juan Jose Ortega ESPINDOLA; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–71559.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted June 18, 2008 *.

Filed July 3, 2008.

Juan Jose Ortega Espindola, Los Angeles, CA, pro se.

Lilia Ortega Cisneros, Los Angeles, CA, pro se.

Guadalupe Juan Jose Ortega Cisneros, Los Angeles, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jeffrey Leist, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: REINHARDT, LEAVY, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Juan Jose Ortega Espindola, his wife Lilia Ortega Cisneros, and their child, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their application for cancellation of removal.

We lack jurisdiction to review the BIA's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to their two United States citizen children. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 890 (9th Cir.2003).

Petitioners' contention that they are entitled to relief because their removal would violate the substantive due process rights of their citizen children is foreclosed. *See Urbano de Malaluan v. INS*, 577 F.2d 589, 594 (9th Cir.1978) (observing that the argument that "the deportation order would amount to a de facto deportation of the child and thus violate the constitutional rights of the child ... has been authoritatively rejected in numerous cases.") (citations omitted).

Petitioners' equal protection challenge to the nationality-based distinctions in the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), which permits aliens from certain countries to apply for special rule cancellation of removal in accordance with the more lenient terms of pre-Immigration Reform and Immigrant Responsibility Act's ("IIRIRA") suspension-of-deportation law, lacks merit. *See Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 603 (9th Cir.2002) (rejecting equal protection challenge to NACARA's favorable treatment of aliens from certain war-ravaged countries).

We also reject petitioners' contention that IIRIRA's repeal of suspension of deportation relief violates equal protection or due process. *See Ram v. INS*, 243 F.3d 510, 517 (9th Cir.2001) ("Line-drawing decisions made by Congress or the President in the context of immigration must be upheld if they are rationally related to a legitimate government purpose.").

Finally, we reject petitioners' contention that the BIA failed to articulate its reason for dismissing their appeal when it

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

adopted and affirmed the decision of the IJ. *See Hoque v. Ashcroft*, 367 F.3d 1190, 1194 (9th Cir.2004) (holding that when "the BIA adopts the decision of the IJ, we review the IJ's decision as if it were that of the BIA").

**PETITION FOR REVIEW DISMISSED in part, DENIED IN PART.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.