Olateju Olu OLABANJI, aka Olateju Olabanji, Teju O. Aabanji Chris Mark Chappell, Trevor Dishon, Stephen Frye, Tim Jackson, Thomas Jackson, Robert Kajimoto, Myron Obrasnialc Myron Obrunsniak, Olatico Olabanji, Teju O. Olabanji, Teju O. Olabans, John O. Oshin, Carlos Usallan, "TJ", Petitioner,

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–75203.

United States Court of Appeals, Ninth Circuit.

Submitted May 6, 2008.*

Filed Jan. 16, 2009.

Jorge T. Cabrera, Los Angeles, CA, for Petitioner.

Saul E. Greenstein, John C. Cunningham, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, CAC–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WARDLAW and IKUTA, Circuit Judges, and FOGEL,** District Judge.

MEMORANDUM ***

Olateju Olabanji, a citizen and native of Nigeria, petitions for relief from the BIA's affirmance of the Immigration Judge's denial of his request for a section 212(h) waiver, asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny Olabanji's petition for review.

The BIA held that Olabanji was ineligible for a section 212(h) waiver due to a false claim of U.S. citizenship. This decision was not determinative, however, because even if he were eligible, Olabanji failed to qualify on the merits. His crime was a dangerous one, and he failed to show that a qualifying U.S. relative would suffer

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

exceptional and extremely unusual hardship if he is deported. Furthermore, we lack jurisdiction to review the discretionary decision by the Attorney General that Olabanji was ineligible for a section 212(h) waiver. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 888 (9th Cir.2003) ("[A]n exceptional and extremely unusual hardship determination is a subjective discretionary judgment that has been carved out of our appellate jurisdiction.") (internal quotation marks omitted). Therefore, the BIA's decision to deny Olabanji's request for a 212(h) waiver stands.

Assuming that we have jurisdiction to hear Olabanji's challenge to the BIA's determination that Olabanji's asylum application was untimely and that he failed to show changed or extraordinary circumstances sufficient to excuse the untimeliness, *see Husyev v. Mukasey,* 528 F.3d 1172, 1178–81 (9th Cir.2008), we find that the determination was supported by substantial evidence because Olabanji committed an aggravated felony and failed to file within one year of his arrival in the United States. *See* 8 U.S.C. § 1158(a)(2)(B), (b)(2)(B)(i).

The BIA applied the proper legal standard and substantial evidence supports the BIA's conclusion that Olabanji was convicted of a particularly serious crime, barring him from withholding of removal under INA § 241(b)(3) and withholding of removal pursuant to CAT. *See* 8 U.S.C. § 1101(a)(43)(M); *Kharana v. Gonzales,* 487 F.3d 1280, 1284–85 (9th Cir.2007) (upholding the BIA's determination that petitioner's fraud was an aggravated felony where the loss to victims was over $10,000). Even if Olabanji were not convicted of a particularly serious crime, substantial evidence supports the BIA's conclusion that he has not shown it is more likely than not he will be persecuted if removed to Nigeria.

**PETITION DENIED.**

ORDER

The Memorandum Disposition filed May 21, 2008, and appearing at 2008 WL 2128068 (9th Cir.2008) is hereby WITHDRAWN. The attached Memorandum Disposition replacing the previous Memorandum Disposition shall be filed simultaneously with this order.

The panel has unanimously voted to deny the petition for panel rehearing. Judges Wardlaw and Ikuta have voted to deny the petition for rehearing en banc, and Judge Fogel so recommends.

The full court has been advised of the petition for rehearing en banc and no judge requested a vote on whether to rehear the matter en banc. Fed. R.App. P. 35.

Further petitions for rehearing and rehearing en banc shall not be entertained. The petition for panel rehearing and the petition for rehearing en banc are DENIED.