MEMORANDUM **
In these consolidated petitions for review, Conrad Acierto Pineda, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals’ (“BIA”) order summarily affirming without opinion an immigration judge’s decision finding him ineligible for a section 212(h) waiver of inadmissibility and its order declining to exercise its sua sponte authority to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss the petitions for review.
We lack jurisdiction to review the agency’s determination that Pineda failed to establish that denying him admission would result in extreme hardship to his United States citizen wife, parents, and children. See 8 U.S.C. § 1182(h); Romero-Torres v. Ashcroft, 327 F.3d 887, 888 (9th Cir.2003) (“[A]n exceptional and extremely unusual hardship determination is a subjective discretionary judgment that has been carved out of our appellate jurisdiction.”) (internal quotation marks omitted).
*961 We do not address Pineda’s contentions regarding the application of 8 C.F.R. § 212.7(d) to his case because the agency’s hardship determination is dispositive.
We lack jurisdiction to review the BIA’s decision not to invoke its sua sponte authority to reopen removal proceedings under 8 C.F.R. § 1003.2(a). See Ekimian v. INS, 303 F.3d 1153, 1159 (9th Cir.2002).
PETITIONS FOR REVIEW DISMISSED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.