**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 11 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EFRAIN GARCIA-LOPEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   22-600

Agency No. A216-073-753

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 12, 2023[**]
Seattle, Washington

Before: MCKEOWN, BYBEE, and DESAI, Circuit Judges.

Petitioner Efrain Garcia-Lopez petitions this court to review the Board of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Immigration Appeals' (BIA) dismissal of his appeal. The BIA affirmed the Immigration Judge's (IJ) decision denying cancellation of removal because Garcia-Lopez failed to show "exceptional and extremely unusual hardship" to a qualifying relative.

We lack jurisdiction to review the merits of the Agency's discretionary determination regarding "exceptional and extremely unusual hardship." 8 U.S.C. § 1252(a)(2)(B)(i). But we do have jurisdiction to review whether the BIA and IJ "considered relevant evidence" in reaching that conclusion. *Szonyi v. Barr,* 942 F.3d 874, 896 (9th Cir. 2019). We review for abuse of discretion. *Id.*

The parties are familiar with the facts in this case, and we repeat them only as necessary.

After reviewing the record, we find no evidence that the IJ overlooked relevant evidence in determining that Garcia-Lopez did not qualify for cancellation of removal. The IJ's decision mentioned petitioner's daughter's depression while he was detained, and it specifically noted that her depression was "corroborated by a psychological evaluation." Further, the BIA conducted a de novo review of the record. The BIA re-emphasized the existence of an official diagnosis for adjustment disorder with mixed anxiety and depression. Thus, the official diagnosis was not absent from the Agency's consideration, and the BIA did not

abuse its discretion in denying to remand the petition to the IJ. We lack

jurisdiction to review the BIA's "subjective, discretionary judgment" regarding

exceptional and extremely unusual hardship any further. *Romero-Torres v.*

*Ashcroft*, 327 F.3d 887, 888 (9th Cir. 2003).

**DENIED.**